**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4183-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

STAN BRAXTON,

    Defendant-Appellant.

_____

Submitted October 24, 2017 - Decided November 16, 2017

Before Judges Hoffman and Mayer.

On appeal from Superior Court of New Jersey,
Law Division, Cumberland County, Indictment
No. 01-07-0505.

Joseph E. Krakora, Public Defender, attorney
for appellant (Mark Zavotsky, Designated
Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County
Prosecutor, attorney for respondent (Stephen
C. Sayer, Assistant Prosecutor, of counsel and
on the brief).

PER CURIAM

    Defendant appeals from a January 12, 2016 order denying his

petition for post-conviction relief (PCR) after evidentiary

hearings. On appeal, defendant maintains he received ineffective assistance from trial counsel that deprived him of his constitutional right to a fair trial. We disagree and affirm.

Defendant was convicted of one count of second-degree aggravated assault, N.J.S.A. 2C:12-1b(1), and four counts of third-degree aggravated assault, N.J.S.A. 2C:12-1b(5), resulting from an altercation with several corrections officers while defendant was incarcerated at South Woods State Prison. Defendant was sentenced to a total of nine years on the charges.

At trial, defendant alleged he did not assault a corrections officer. Rather, defendant testified that he was attacked without cause by several corrections officers in retaliation for defendant's filing of a harassment complaint against an officer. According to defendant, while he was showering, officers threw his clothes into the shower and attacked him.

The trial testimony on behalf of the prosecution offered a different version of the events. According to prosecution witnesses, while showering, defendant exposed himself to a female corrections officer. Defendant also made a lewd remark directed at the female officer via the prison's intercom system. The prosecution claimed that the officers called to the shower area asked defendant to exit the shower and get dressed. The prosecution maintained that defendant refused to comply and lunged

at one of the officers. Corrections Officer Stewart Richardson attempted to intervene and was assaulted by defendant. Richardson sustained an orbital fracture and deviated septum requiring surgery.

Defendant's convictions and sentences were affirmed on direct appeal. State v. Braxton, No. A-4024-04 (App. Div. May 31, 2006). The Supreme Court denied defendant's petition for certification. State v. Braxton, 188 N.J. 355 (2006).

Defendant filed his initial PCR petition on October 31, 2006. On October 9, 2009, the PCR judge denied defendant's petition without an evidentiary hearing. Defendant appealed the denial of his initial PCR petition. On November 2, 2011, we reversed and remanded the matter to the PCR judge to appoint new counsel and conduct a hearing. Following our remand, the PCR judge held evidentiary hearings on three different dates. The PCR judge denied defendant's petition in a written opinion dated January 12, 2016.

The PCR judge heard testimony from Dr. Rodolfo Diaz, the doctor who performed surgery to repair Richardson's nasal injury. Dr. Diaz was examined as to the initial radiological report finding no facial fractures and his own medical report finding facial

fractures.[1] Dr. Diaz explained the inconsistencies between the two reports. Dr. Diaz acknowledged that the initial CAT scan reported no fractures, but noted that a subsequent addendum by the radiologist, viewing a different angle of the scan, confirmed the same injuries identified in Diaz's report.

Defendant's trial counsel, Demetrius Parrish, also testified during the evidentiary hearings. Parrish had limited recall regarding the trial proceedings and his trial strategy. The PCR judge concluded from Parrish's testimony that the defense trial strategy was self-preservation, with defendant claiming he was shielding himself against attacks by the corrections officers and that Richardson's injury was the result of Richardson's contact with other officers. PCR counsel asked Parrish why he did not cross-examine Dr. Diaz about an alleged pre-existing condition suffered by Richardson. Parrish recalled that he elected to cross-examine Richardson on the matter rather than Dr. Diaz.

Richardson also testified during the evidentiary hearings. He was unable to recall specific details about the incident leading to his injury. Richardson remembered that he was injured and had surgery to repair his nose. He also testified that the handwriting on the first incident report form was not his, but he acknowledged

---

[1] The radiologist prepared an addendum to his initial report which confirmed the presence of facial fractures.

he signed and dated the form. The first incident report confirmed Richardson was "struck in the eye/cheek area" but did not mention difficulty breathing. Richardson also reviewed a second incident report and acknowledged that the second form did not indicate he was having difficulty breathing.

The PCR judge also heard from defendant. Defendant testified that he was harassed by several corrections officers and introduced into evidence his handwritten grievance regarding his harassment complaint filed prior to the shower incident. Defendant also introduced disciplinary complaints filed against him by different corrections officers, including Richardson, relating to the shower incident. According to defendant, his trial counsel failed to cross-examine the corrections officers at trial about those complaints and reports. Defendant also testified that he never discussed self-defense with his trial counsel and counsel's inclusion of such a defense during voir dire was "unethical." Defendant further claimed that trial counsel failed to cross-examine Dr. Diaz about Richardson's radiological scan indicating no fractures, and failed to point out a "falsified" section of the radiologist's addendum report because it was in a different font type.

The PCR judge allowed defendant to submit twenty-six additional documents into evidence in support of his PCR petition.

The PCR judge also allowed defendant to reopen his direct testimony to raise two additional issues: conspiracy between defense counsel and the prosecutor to assert a false defense, and the withholding of exonerating evidence by counsel. However, defendant failed to present any evidence in support of these claims. The PCR judge rejected defendant's unsubstantiated and convoluted theories in support of his additional claims.

The PCR judge considered written summations from counsel and defendant. Defendant's summation attached additional documents not introduced during the evidentiary hearings. The PCR judge considered defendant's additional documents despite defendant's failure to introduce the documents into evidence during the hearings.

In his written findings of fact and conclusions of law, the PCR judge rejected defendant's allegation that Dr. Diaz fabricated Richardson's facial fractures and conspired with the State to bolster the case against defendant. The PCR judge accepted the testimony of Dr. Diaz as credible as to differences between his own medical report and the radiologist's reports.

On the failure to examine whether Richardson had a pre-existing condition, the PCR judge found that was a trial strategy decision. It was undisputed that Richardson had a deviated septum, and trial counsel decided against examining Dr. Diaz on the issue.

Instead, trial counsel elected to cross-examine Richardson on whether he came into contact with any other corrections officers during the shower altercation.

Similarly, the PCR judge rejected defendant's contention that the corrections officers' reports should have been used to impeach their trial testimony. The PCR judge found the purported inconsistencies between the information in the officers' written reports and their trial testimony were insignificant and that the jury had ample opportunity to assess the credibility of the witnesses.

Lastly, the PCR judge rejected defendant's claim that certain evidence should have been proffered to support the theory that his conviction was the result of a conspiracy among the corrections officers, the surgeon who treated Richardson, the radiologist who reviewed Richardson's radiological scan, the prosecutor, defense counsel and the trial judge, because defendant failed to offer evidence in support of his conspiracy theory.

On appeal, defendant contends that he was denied effective assistance of trial counsel based upon: (1) counsel's failure to challenge the testimony of both Dr. Diaz and Richardson, which was used to establish the elements of aggravated assault; (2) counsel's failure to object to certain hearsay testimony offered by Richardson; and (3) counsel's failure to request an adverse

inference charge based upon the State's loss of exculpatory evidence.

Defendant raises the following points on appeal:

POINT I

> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL ENTITLING HIM TO POST CONVICTION RELIEF.
>
> A. COUNSEL WAS INEFFECTIVE FOR FAILING TO CHALLENGE THE MEDICAL TESTIMONY PRESENTED BY OFFICER RICHARDSON [sic] WHICH WAS USED TO ESTABLISH THE ELEMENTS OF AGGRAVATED ASSAULT FOR WHICH DEFENDANT WAS CONVICTED.
>
> B. COUNSEL WAS INEFFECTIVE FOR FAILING TO OBJECT TO THE HEARSAY TESTIMONY OF OFFICER RICHARDSON'S CHARACTERIZATION OF A MEDICAL OPINION REGARDING INJURIES HE CLAIMED TO HAVE SUSTAINED DURING A CONFRONTATION WITH DEFENDANT.
>
> C. COUNSEL WAS INEFFECTIVE FOR FAILING TO MOVE FOR AN ADVERSE INFERENCE CHARGE WITH REGARD TO THE VASELINE JAR BECAUSE IT FORECLOSED A LIKELY SUCCESSFUL DEFENSE OF RETALIATION AGAINST DEFENDANT FOR REPORTING OFFICER RICHARDSON TO HIS SUPERIORS FOR ABUSE OF AUTHORITY.

In reviewing factual findings based upon witness testimony at a PCR evidentiary hearing, we apply a deferential standard. State v. Nash, 212 N.J. 518, 540 (2013). "[W]e will uphold the PCR court's findings that are supported by sufficient credible evidence in the record." Ibid.

To prevail on a claim of ineffective assistance of counsel, defendant must satisfy the two-pronged Strickland test as adopted by New Jersey in State v. Fritz, 105 N.J. 42 (1987). First, a defendant must demonstrate that "counsel's performance 'fell below an objective standard of reasonableness,' such that [counsel] 'was not functioning as the "counsel" guaranteed . . . by the Sixth Amendment.'" State v. Hess, 207 N.J. 123, 146 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984)). However, a reviewing court should not assess counsel's performance with the benefit of hindsight. Strickland, supra, 466 U.S. at 689-90, 104 S. Ct. at 2065-66, 80 L. Ed. 2d at 694-95. Second, a defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Hess, supra, 207 N.J. at 146 (quoting Strickland, supra, 446 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." State v. Marshall, 148 N.J. 89, 157 (quoting Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2d at 698), cert. denied, 522 U.S. 850, 118 S. Ct. 140, 139 L. Ed. 2d 88 (1997)).

Defendant argues that trial counsel's examination of Dr. Diaz was ineffective for several reasons, including trial counsel's

failure to cross-examine Dr. Diaz as to his finding of facial fractures when the radiologist found no such fractures, as well as his failure to address the font type differences between the radiologist's original and addendum reports. Additionally, defendant argues that trial counsel's failure to cross-examine Dr. Diaz on the absence of any mention of nasal injury in Richardson's incident reports is further evidence of his counsel's ineffectiveness. Defendant also contends that his trial counsel was ineffective for failing to cross-examine Dr. Diaz about Richardson's possible pre-existing nasal conditions.

We reject defendant's arguments on these grounds. The PCR judge noted that the strategy advanced by defendant's trial counsel was to offer evidence establishing Richardson's injuries were caused by contact with a fellow corrections officer and not defendant. Therefore, cross-examining Dr. Diaz on any of the suggested issues would not have advanced the defense theory. We concur with the PCR judge that the decision not to cross-examine Dr. Diaz was an exercise of sound trial strategy. See State v. Arthur, 184 N.J. 307, 332-33 (2005). The mere fact that a trial strategy failed does not establish a constitutional claim of inadequacy. Fritz, supra, 105 N.J. at 54.

Defendant next argues that his trial counsel's failure to object to Richardson's hearsay testimony offering medical opinions

constituted ineffective assistance of counsel. We reject this argument as well. The trial judge sustained defense counsel's hearsay objections to Richardson's testimony about the doctor's diagnosis as to his medical condition. Because there was corroborating expert medical testimony from Dr. Diaz explaining Richardson's injuries, any hearsay that might have been heard by the jury was harmless. See R. 2:10-2; see also State v. Macon, 57 N.J. 325, 336 (1971) (noting that an error must be capable of producing an unjust result "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached").

Defendant further argues that his trial counsel was ineffective because he failed to request an adverse inference with regard to a missing Vaseline jar that defendant claims was exculpatory.[2] Defendant contends the missing Vaseline jar substantiated his claim that the corrections officers plotted against him by claiming he used Vaseline to plan an attack, when defendant asserts the container was actually a soap dish.

---

[2] The original indictment relied on a Vaseline jar to support the prosecution's claim that defendant preplanned the attack on the corrections officers and used Vaseline on his body to make it difficult for the officers to restrain him. However, the prosecution subsequently lost the Vaseline jar prior to trial. Defense counsel then successfully moved to dismiss the original indictment and to suppress any mention of a Vaseline jar during the trial.

According to defendant, the suppression of this evidence limited his retaliation theory. No adverse inference charge was warranted as all testimony with respect to Vaseline was suppressed by the trial judge.

As for defendant's claim that his trial counsel was ineffective in pursuing a self-defense strategy rather than a retaliation defense, there is no support in the record for his claim. There was only one mention of self-defense at trial in a single voir dire question during jury selection. The record reflects that trial counsel pursued a retaliation defense on defendant's behalf.

Based upon the sufficient, credible evidence in the record, defendant failed to demonstrate that his trial counsel's performance was deficient or prejudicial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4183-15T3